**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**PENDLETON DIVISION**

K.S.,

Petitioner,

v.

JULIO HERNANDEZ, Seattle Field Office Director, Immigration and Customs Enforcement and Removal Operations ("ICE/ERO"); TODD LYONS, Acting Director of Immigration and Customs Enforcement ("ICE"); U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; MARKWAYNE MULLIN, Secretary of the Department of Homeland Security ("DHS"); U.S. DEPARTMENT OF HOMELAND SECURITY; TODD BLANCHE, Acting Attorney General of the United States; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; U.S. DEPARTMENT OF HOMELAND SECURITY,

Respondents.

Case No. 2:26-cv-00674-AA

Agency No. AXXX-XXX-XXX

**ORDER**

AIKEN, District Judge:

Upon review of the Petition, the Court ORDERS:

1. The Clerk of the Court is directed to serve a copy of this Petition upon Respondents and the United States Attorney for the District of Oregon, via USAOR.CivilHabeas@usdoj.gov.

2. Although a United States District Court generally lacks subject matter jurisdiction to review orders of removal, *see* 8 U.S.C. § 1252(a)(1), (g), it does generally have jurisdiction over habeas petitions. *See* 28 U.S.C. § 2241(a); *see also Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2 and stating that "absent suspension, the writ of habeas corpus remains available to every individual detained by the United States."). Moreover, "'a federal court always has jurisdiction to determine its own jurisdiction,'" including its own subject-matter jurisdiction. *Brownback v. King¸* 592 U.S. 209, 218-19 (2021) (quoting *United States v. Ruiz*, 536 U.S. 622, 628 (2022)). To give this Court the opportunity to determine whether it has subject matter jurisdiction, and if so to consider the validity of the habeas petition, a court may order respondents to preserve the status quo. *See United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court ha[s] the power to preserve existing conditions while it . . . determine[s] its own authority to grant injunctive relief," unless the assertion of jurisdiction is frivolous.). Such an order remains valid unless and until it is overturned, even when the issuing court lacks subject matter jurisdiction to determine the underlying action's merits. *See id.* at 294-95. This principle applies with even greater force where the action the court enjoins would otherwise destroy its jurisdiction or moot the case. *United States v. Shipp*, 203 U.S. 563, 573 (1906).

3. Based on the face of the Petition, the Court has jurisdiction because Petitioner is subject to a final order of removal. Petition ¶¶ 2–3; *Nakaranurack v. United States*,

68 F.3d 290, 293 (9th Cir. 1995) (individuals are "in custody" for purposes of § 2241 if they are "subject to a final order of deportation . . . .").

4. To protect the status quo pending resolution of this case, unless otherwise ordered by this Court, Petitioner shall not be moved outside of the District of Oregon without first providing advance Notice of Intended Removal. Such Notice must be filed in writing and on the docket in this proceeding and must state the reason that Respondents believe such a move is necessary and should not be stayed pending further court proceedings. Once that Notice has been filed on the docket, the Petitioner shall not be moved out of the District for a period of at least 48 hours from the time of the docketing. If the 48-hour period would end on a weekend or legal holiday, the period continues to run until the same time on the next day that is not a weekend or legal holiday. Fed. R. Civ. P. 6(a)(2)(C). This period may be shortened or extended as appropriate by further Court order.

5. The parties shall confer and file on the docket by 5:00pm, Wednesday, April 8, 2026, a joint report outlining the status of the case and, if relevant, either (1) a proposed briefing schedule or (2) at least three dates/times the parties would be available for a brief status conference before the Court.

It is so ORDERED and DATED this 6th day of April 2026.

/s/Ann Aiken
ANN AIKEN
United States District Judge